IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. AP-76,483 & AP-76,484




EX PARTE ALVIN ROYCE WELLS, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NOS. W10816-1 AND W10815-1 
           IN THE 355TH JUDICIAL DISTRICT COURT FROM HOOD COUNTY




           Per curiam.


O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to once charge
of possession of a controlled substance, and one charge of unlawful possession of a firearm by a
felon, and was sentenced to fifty years’ imprisonment. 
            Applicant contends that his trial counsel was ineffective because counsel advised him
incorrectly about the conditions of a plea offer made by the State. Apparently, counsel conveyed the
State’s 45-year offer to Applicant, but advised him that it would include an affirmative deadly
weapon finding. Applicant declined the offer, which expired shortly thereafter. Counsel
subsequently learned that an affirmative deadly weapon finding had not been a specific term of the
45-year plea offer, and Applicant told counsel that he would accept the 45-year offer without an
affirmative deadly weapon finding. However, by that time the State had withdrawn the offer. 
Applicant subsequently pleaded guilty in exchange for a 50-year sentence, which carries no
affirmative deadly weapon finding. We order that these applications be filed and set for submission
to determine whether counsel’s incorrect advice regarding the terms of the 45-year plea offer
amounted to a failure to convey the plea offer, and if so, what the remedy in this case would be. The
parties shall brief these issues.
            The trial court shall determine whether Applicant is indigent. If Applicant is indigent and
desires to be represented by counsel, the trial court shall appoint an attorney to represent Applicant. 
Tex. Code Crim. Proc. art 26.04. The trial court shall send to this Court, within 60 days of the date
of this order, a supplemental transcript containing either the order appointing counsel or a statement
that Applicant is not indigent. All briefs shall be filed with this Court within 90 days of the date of
this order.
 
Filed: January 26, 2011
Do not publish